UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MUKHTIAR S KHALSA
    Plaintiff pro se,

V.

                                           Case No.:
                                 TRIAL BY JURY DEMANDED

FARRELL AND SELDIN, Defendant
CAPITAL ONE (USA), N.A., Defendant
JAMES GRUBEL, Defendant
BARRY SELDIN, Defendant
DARREN TALLMAN, Defendant
KENNETH K. OH, Defendant
ALEKSANDER CHERKIS, Defendant


**PLAINTIFFS' SATEMENT OF CLAIM**
**STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW the Plaintiff, Mukhtiar S Khalsa and respectfully submits Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted.;

1) The Plaintiff, Mukhtiar S Khalsa, acting pro se, is an United States Citizen residing at 23 Lumbre Del Sol, Espanola, New Mexico.

2) The Defendant, Farrell and Seldin, is a Law Firm with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by it's own communications and filings and by it's agents as a debt collector attempting to collect a debt from the Plaintiff.

3) The Defendant, Capital One (USA) N.A. is a United States of America National Association represented by the Law Firm of Farrell and Seldin with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by it's own communications and filings and by it's agents as a debt collector attempting to collect a debt from the Plaintiff.

4) The Defendant, James Grubel, is an Attorney practicing at the Law Firm of Farrell and Seldin with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by his signature in many communications and filings (which will be listed) as a debt collector attempting to

collect a debt from the Plaintiff.

5) The Defendant, Barry Seldin, is an Attorney practicing at the Law Firm of Farrell and Seldin with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by his signature in many communications and filings (which will be listed) as a debt collector attempting to collect a debt from the Plaintiff.

6) The Defendant, Kenneth K. Oh, is an Attorney practicing at the Law Firm of Farrell and Seldin with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by his signature in many communications and filings (which will be listed) as a debt collector attempting to collect a debt from the Plaintiff.

7) The Defendant Darren Tallman, is an Attorney practicing at the Law Firm of Farrell and Seldin with Offices at 7430 Washington Street N.E., Albuquerque, New Mexico and was self-identified by his signature in many communications and filings (which will be listed) as a debt collector attempting to collect a debt from the Plaintiff.

8) The Defendant, Aleksander Cherkis is an Litigation Support Representative and an authorized agent of Defendant Capital One (USA) N.A. Mr Cherkis signed a Affidavit on behalf of Defendant Capital One (USA) N.A. and Defendant Farrell and Seldin in the County of Chesterfield, Commonwealth of Virginia. Mr Cherkis's residence and whereabouts are supposedly known by the Defendants Capital One (USA) N.A. and Farrell and Seldin.

## Statement of Claim

1) The Defendants are all self-identified debt collectors, and as such are governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1601,*et seq*. The Defendants are also governed under the law by The Fair Credit Reporting Act 15 USC Section §1681, *et seq*. The State of New Mexico abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA and 618 of the FCRA.

2) The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants.

Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

19) These signatures and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

20) The "Response" was signed by Defendant James Grubel, for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

21) This signature and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff..

VIOLATION 3 (*described later in The Argument*)
22) The Defendants, yet again, continued their debt collection activities of a disputed debt by filing a "Motion for Summary Judgment" with the First District Court on April 28, 2011.

VIOLATION 4 (*described later in The Argument*)
23) This "Motion" was served on the Plaintiff by US Mail.

24) This "Motion" was filed by the Defendants before the Plaintiff had seen the Defendants responses to the Plaintiff's requests for validation. That response refused to address many of the validation requests of the Plaintiff.

VIOLATION 5 (*described later in The Argument*)
25) In this April 28th communication was included a "Transmittal Memorandum" on Farrell and Seldin Letterhead with the statements and warning, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

26) The above statements self-identified the "Transmittal Memorandum" and the "Response" as debt collection activities of a debt collector directed against the Plaintiff.

27) The "Transmittal Memorandum" of the April 28th communication was signed by Defendant James Grubel, Defendant Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant

Complaint". Only in paragraph 5 of the "Filed Complaint" is there alluded any reference to even previous attempts (let alone actual contact) to communicate with the Plaintiff by the Defendants to collect this debt, and then only by the phrase "despite demand" which then refers to the Affidavit of Aleksander Cherkis which fails to mention any attempt by either Defendant to communicate with the Plaintiff concerning the collection of this debt.

11) The Plaintiff disputed this debt by filing an "Answer and Affirmative Defenses" with the First District Court on March 24, 2011 and serving the Defendants copies of that pleading by certified mail #7010 7670 0000 8693 2666 signed for by Yvette Romero on March 30, 2011.

12) The Plaintiff requested validation of this disputed debt and disputed the verification alleged by the Affidavit of Mr Cherkis by serving the Defendants copies of the "Defendant's First Set of Interrogatories, Requests For Admissions, and Requests for Productions of Documents".

13) Both of these documents, the "Answer" and "Requests" were served on the Defendants by certified mail #7010 7670 0000 8693 2666 signed for by Yvette Romero on March 30, 2011.

VIOLATION 1 (*described later in The Argument*)
14) After the Plaintiff disputed the debt and requested validation, the Defendants served by US mail a "Plaintiffs Response to Defendant's First Set of Interrogatories, Requests For Admissions, and Requests for Productions of Documents" on April 25, 2011 to the Plaintiff.

15) This "Response" refused to answer many of the Plaintiff's requests for validation of the debt.

VIOLATION 2 (*described later in The Argument*)
16) In this April 25th communication was included a "Transmittal Memorandum" on Farrell and Seldin Letterhead with the statements and warning, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

17) The above statements self-identified the "Transmittal Memorandum" and the "Response" as debt collection activities of a debt collector directed against the Plaintiff.

18) The "Transmittal Memorandum" of April 25th was signed by Defendant James Grubel, Defendant

Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

19) These signatures and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

20) The "Response" was signed by Defendant James Grubel, for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

21) This signature and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff..

VIOLATION 3 (*described later in The Argument*)
22) The Defendants, yet again, continued their debt collection activities of a disputed debt by filing a "Motion for Summary Judgment" with the First District Court on April 28, 2011.

VIOLATION 4 (*described later in The Argument*)
23) This "Motion" was served on the Plaintiff by US Mail.

24) This "Motion" was filed by the Defendants before the Plaintiff had seen the Defendants responses to the Plaintiff's requests for validation. That response refused to address many of the validation requests of the Plaintiff.

VIOLATION 5 (*described later in The Argument*)
25) In this April 28th communication was included a "Transmittal Memorandum" on Farrell and Seldin Letterhead with the statements and warning, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

26) The above statements self-identified the "Transmittal Memorandum" and the "Response" as debt collection activities of a debt collector directed against the Plaintiff.

27) The "Transmittal Memorandum" of the April 28th communication was signed by Defendant James Grubel, Defendant Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant

Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

28) These signatures and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

29) The "Motion for Summary Judgment" of the April 28th communication was signed by Defendant James Grubel, for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

30) This signature and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

VIOLATION 6 (*described later in The Argument*)
31) On April 30 five days had passed since first and initial communication from a Debt collector to the Plaintiff without proper Notice of Debt.

VIOLATION 7 (*described later in The Argument*)
32) The Defendants, yet again, continued their debt collection activities of a disputed debt by filing a "Notice of Completion of Briefings" with the First District Court on May 18, 2011.

VIOLATION 8 (*described later in The Argument*)
33) This "Notice" was served on the Plaintiff by US Mail.

VIOLATION 9 (*described later in The Argument*)
34) The Defendants, yet again, continued their debt collection activities of a disputed debt by including a "Order on Plaintiff's Motion for Summary Judgment" in this May 18, 2011 communication.

VIOLATION 10 (*described later in The Argument*)
35) In this May 18th communication to the Plaintiff was included a "Transmittal Memorandum" on Farrell and Seldin Letterhead with the statement and warning, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

36) With this above statement, the Defendants self-identified the "Transmittal Memorandum", the

"Notice", and the "Order" of the May 18th communication as the debt collection activities of a debt collector directed against the Plaintiff.

37) The "Transmittal Memorandum" of May 18th was signed by Defendant James Grubel, Defendant Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

38) These signatures and the above statement self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

38) The "Notice" of the May 18th communication was signed by Defendant James Grubel, for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

40) This signature and the above statements self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

41) The Plaintiff yet again disputed the debt by filing a "Defendant's written Objections and Defendant's Motion to Strike and Dismiss Plaintiff's Motion for Summary Judgment" with the First District Court on May 23, 2011 and mailing that motion to the Defendants.

42) To dispute the debt yet again the Plaintiff filed a "Defendant's Motion for Reversal of Order Granting Motion of Summary Judgment" with First District Court on June 6, 2011, and served a copy of that filing by US mail to the Defendants.

VIOLATION 11 (*described later in The Argument*)
43) The Defendants filed a "Plaintiff's Response to Defendant's Motion to Strike and Dismiss Plaintiff's Motion for Summary Judgment" with the First District Court on June 8, 2011.

44) This "Response" was filed while not acknowledging to the Plaintiff that the responses of the Defendants did not validate the disputed debt for the Plaintiff.

VIOLATION 12 (*described later in The Argument*)
45) This "Response" was served on the Plaintiff by US Mail.

<u>VIOLATION 13</u>  (*described later in <u>The Argument</u>*)

46) In this June 8th communication to the Plaintiff was included a "Transmittal Memorandum" on Farrell and Seldin Letterhead with the statement and warning, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

47) With this above statement, the Defendants self-identified the "Transmittal Memorandum" and the "Response" of the June 8th communication as the debt collection activities of a debt collector directed against the Plaintiff.

48) The "Transmittal Memorandum" of June 8th communication was signed by Defendant James Grubel, Defendant Kenneth K. Oh, and Defendant Darren Tallman for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

49) These signatures and the above statement self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

50) The "Response" of the June 8th communication was signed by Defendant James Grubel, for and on behalf of Defendant Capital One (USA) N.A. for and on behalf of Defendant Ferrell and Seldin.

51) This signature self-identified all these above Defendants as debt collectors attempting debt collection activities directed against the Plaintiff.

52) To dispute the debt yet again the Plaintiff mailed a Dispute and Debt Validation letter dated June 9, 20011 to the Defendants one letter to Capital One (USA) N.A. by US certified mail #7008 1140 0003 5862 6667 and one letter to Farrell and Seldin by US certified mail # 7008 1140 003 5862 6674 both signed for by Yvette Romero on June 10, 2011.

53) In an attempt to settle the disputes described in these pleadings outside of the Courts, the Plaintiff mailed a copy of this Complaint to the Defendants at P.O. Box 31066, Albuquerque, NM 87109 by certified US Mail # 7010 3090 0002 6327 3715 on June 22, 2011. That letter was received and signed for by Yvette Romero. Included was a cover letter describing the Complaint with the contact information of the Plaintiff and requesting that a response would be expected in 14 Days. As of this

filing, on July 6, 2011, nor response has been given by the Plaintiffs.

# THE LAW

## 15 USC § 1692f. Validation of debts

(a) *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

   (1) *the amount of the debt;*

   (2) *the name of the creditor to whom the debt is owed;*

   (3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

   (4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

   (5) *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

**(b)** **If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector <u>shall cease collection of the debt</u>, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.** *Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(c) *The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.*

(d) *A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).*

(e) *The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, title V of Gramm-Leach-Bliley Act, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.*

# THE ARGUMENT

This Claim is in regards to violations of the Fair Debt Collections Practices Act 15 USC 1692 by the Defendants in the attempted collection of a debt purported to be owed by the Plaintiff. The validity of Debt itself is not in question here, nor are the procedures within the First District Court, rather violations in the Defendants' practices of collection.

As affirmed and verified by the Plaintiff by the Affidavit in the Court Record State of New Mexico, County of Santa Fe, First Judicial District Court case #D-101-CV-2011-00268, and not disputed by the Defendants in the same Court Record, the first and initial contact of the Plaintiff by the Defendants in the collection of this alleged debt was indeed by the Formal Complaint for Money Due which reached the Plaintiff March 7, 2011. However, 15 USC 1692f(d), *"(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."* so the Plaintiff will not attempt at this time to claim any violation of statute by the "Filed Complaint", even though the defendants themselves described that "Filed Complaint" as an attempt to collect a debt.

On April 25, 2011, the Defendants in the course of formal pleadings mailed to the Plaintiff a "Transmittal Memorandum" that was not part of the Formal pleadings and was self-identified as an attempt to collect a debt. This was the first and initial communication by the Defendants to be received by the Plaintiff regarding this debt that was not *"in the form of a formal pleading in a civil action"*.

This "April 25th Transmittal Memorandum" did not contain the written notice described in 15 USC 1692f(a 1thru 5), nor was this written notice delivered to the Plaintiff within five days. This was a violation of 15 USC 1692f(a 1thru 5) by the Defendants.

The Plaintiff had disputed this debt in writing to the Defendants on March 30, 2011 and on May 23, 2011. Both of these written disputes of the alleged debt were received by the Defendants within 30 days of the initial communication of April 25th. Both of these written disputes called into question the debt itself and also the validity of the Affidavit attempting to verify the alleged debt.

Because written disputes had been delivered to the Defendants, any debt collection activity by the Defendants is in violation of Act 15 USC 1692f(b), until those disputes can be resolved.

There are 13 clear violations of Act 15 USC 1692f(b) described in these pleadings. These 13 Violations were committed by various Defendants. The Defendants, each self-identified as debt collectors and each identified by their signatures as individually participating in committing each Violation, are described as follows.

VIOLATION 1 "the April 25 Response to Requests was delivered to the Plaintiff" (refer to ¶14)
Signed by:  Defendant Capital One (USA) N.A.
            Defendant Farrell and Seldin
            Defendant Barry Seldin
            Defendant James Grubel
            Defendant Kenneth K. Oh
            Defendant Darren Tallman
            Defendant Aleksander Cherkis

VIOLATION 2 "the April 25 Transmittal Memorandum was delivered to the Plaintiff" (refer to ¶16)
Signed by:  Defendant Capital One (USA) N.A.
            Defendant Farrell and Seldin
            Defendant James Grubel
            Defendant Kenneth K. Oh
            Defendant Darren Tallman

VIOLATION 3 "the April 28 Motion was delivered to the Court" (refer to ¶22)
Signed by:  Defendant Capital One (USA) N.A.
            Defendant Farrell and Seldin
            Defendant Barry Seldin
            Defendant James Grubel
            Defendant Kenneth K. Oh
            Defendant Darren Tallman
            Defendant Aleksander Cherkis

VIOLATION 4 "the April 28 Motion was delivered to the Plaintiff" (refer to ¶23)
signed by:  Defendant Capital One (USA) N.A.
            Defendant Farrell and Seldin
            Defendant Barry Seldin
            Defendant James Grubel
            Defendant Kenneth K. Oh

Defendant Darren Tallman
Defendant Aleksander Cherkis


VIOLATION 5 "the April 28 Transmittal Memorandum was delivered to the Plaintiff" (refer to ¶25)
signed by:   Defendant Capital One (USA) N.A.
             Defendant Farrell and Seldin
             Defendant James Grubel
             Defendant Kenneth K. Oh
             Defendant Darren Tallman


VIOLATION 6 "April 30th The 5th day of Absence of Notice " (refer to ¶31)
signed by:   Defendant Capital One (USA) N.A.
             Defendant Farrell and Seldin
             Defendant Barry Seldin
             Defendant James Grubel
             Defendant Kenneth K. Oh
             Defendant Darren Tallman
             Defendant Aleksander Cherkis


VIOLATION 7 "the May 18 Notice was delivered to the Court " (refer to ¶32)
signed by:   Defendant Capital One (USA) N.A.
             Defendant Farrell and Seldin
             Defendant James Grubel
             Defendant Kenneth K. Oh
             Defendant Darren Tallman


VIOLATION 8 "the May 18 Notice was delivered to the Plaintiff" (refer to ¶33)
signed by:   Defendant Capital One (USA) N.A.
             Defendant Farrell and Seldin
             Defendant James Grubel
             Defendant Kenneth K. Oh
             Defendant Darren Tallman


VIOLATION 9 "the May 18 Order was delivered to the Plaintiff" (refer to ¶34)
signed by:   Defendant Capital One (USA) N.A.
             Defendant Farrell and Seldin
             Defendant James Grubel
             Defendant Kenneth K. Oh
             Defendant Darren Tallman

VIOLATION 10 "the May 18 Transmittal Memorandum was delivered to the Plaintiff " (refer to ¶35)
signed by :	Defendant Capital One (USA) N.A.
	Defendant Farrell and Seldin
	Defendant James Grubel
	Defendant Kenneth K. Oh
	Defendant Darren Tallman

VIOLATION 11 "the June 8 Response was delivered to the Court" (refer to ¶43)
signed by :	Defendant Capital One (USA) N.A.
	Defendant Farrell and Seldin
	Defendant James Grubel
	Defendant Kenneth K. Oh

VIOLATION 12 "the June 8 Response was delivered to the Plaintiff" (refer to ¶45)
signed by:	Defendant Capital One (USA) N.A.
	Defendant Farrell and Seldin
	Defendant James Grubel
	Defendant Kenneth K. Oh

VIOLATION 13 "the June 8 Transmittal Memorandum was delivered to the Plaintiff " (refer to ¶46)
signed by:	Defendant Capital One (USA) N.A.
	Defendant Farrell and Seldin
	Defendant James Grubel
	Defendant Kenneth K. Oh

so;

| | |
|---|---|
| Defendant Capital One (USA) N.A. | 13 violations |
| Defendant Farrell and Seldin | 13 violations |
| Defendant James Grubel | 13 violations |
| Defendant Barry Seldin | 4 violations |
| Defendant Kenneth K. Oh | 13 violations |
| Defendant Darren Tallman | 12 violations |
| Defendant Aleksander Cherkis | 6 violations |
| Total count | 74 violations |

THERFORE as allowed in 15 USC 1692k(2) (A) *"in the case of any action of an individual, such additional damages as the court, but not exceeding $1,000;"*

THEREFORE, the Defendants have violated the Fair Debt Collection Practices Act. Plaintiff demands from the Court Judgment in the amount $1000.00 for each violation by each individual; so

| | |
|---|---|
| from Defendant Capital One (USA) N.A. | $13,000.00 in violations |
| | along with $26,000.00 in punitive damages, |
| from Defendant Farrell and Seldin | $13,000.00 in violations |
| | along with $26,000.00 in punitive damages, |
| from Defendant James Grubel | $13,000.00 in violations |
| | along with $26,000.00 in punitive damages, |
| from Defendant Barry Seldin | $4,000.00 in violations |
| | along with $8,000.00 in punitive damages, |
| from Defendant Kenneth K. Oh | $13,000.00 in violations |
| | along with $26,000.00 in punitive damages, |
| from Defendant Darren Tallman | $12,000.00 in violations |
| | along with $24,000.00 in punitive damages, |
| from Defendant Aleksander Cherkis | $6,000.00 in violations |
| | along with $12,000.00 in punitive damages, |

plus all costs of this action.

And whatever penalties, fines and remedies the Court deems proper and correct.

The Plaintiff understands that there are more than likely other violations committed by the Defendants not listed in these pleadings and the Plaintiff reserves the right to pursue those at the appropriate time.

Respectfully submitted this 6th day of July 2011.

*[signature]*

Mukhtiar S. Khalsa, Pro se
P. O. Box 593
Santa Cruz, NM 87567
(505) 450-2802

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

The undersigned further declares under penalty of perjury that he is the Plaintiff in the above action, and that all the documents referred to in the above action are true and available upon request although not attached in the interest of limiting shear bulk.

_[signature]_

Mukhtiar S Khalsa, Pro se
P.O. Box 593
Santa Cruz, NM 87567
(505) 450-2802

# NOTARY

I, DAVID SIDEBOTTOM, a notary public residing in Rio Arriba County, New Mexico, Do say that on the date of July 6, 2011 that a man known to me as Mukhtiar S Khalsa did Appear before me in his true character and did attach his signature to the above Declaration.

_[signature]_   7/6/11
NOTARY           date

OFFICIAL SEAL
David Sidebottom
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 1/26/15