IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MUKTIAR S. KHALSA,

    Plaintiff,

vs.                                                  No. CIV 11-0595 ACT KBM

FARRELL AND SELDIN,
CAPITAL ONE (USA), N.A.,
JAMES GRUBEL
BARRY SELDIN,
DARREN TALLMAN,
KENNETH K. OH,
ALEKSANDER CHERKIS

    Defendants.

### MEMORANDUM IN SUPPORT OF FARRELL & SELDIN'S; JAMES GRUBEL'S; BARRY SELDIN'S; KENNETH K. OH'S; AND DARREN TALLMAN'S MOTION TO DISMISS

COME NOW Defendants Farrell & Seldin, (hereinafter "F & S"), James Grubel, (hereinafter, "Grubel"), Barry Seldin (hereinafter "Seldin"), Darren Tallman (hereinafter "Tallman") and Kenneth K. Oh, (hereinafter "Oh") or collectively "Defendants" by and through counsel, Law Offices of Farrell & Seldin (James J. Grubel), and hereby files this Memorandum in Support of their Motion to Dismiss, pursuant to Fed. R. Civ. P. Rule 12(b)(6) all of the causes of action against them in the above-styled cause. Even assuming all of Plaintiffs' averments to be true, Plaintiffs cannot state a claim against Defendants for which relief can be granted. The Defendants states as follows:

### STANDARD OF REVIEW FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted "if the plaintiff can prove no set of facts to support a claim for relief."

*Fisher v. United Feature Syndicate, Inc.* 37 F. Supp.2d 1213, 1215 (D. Colo. 1999) (quoting *Jojola v. Chavez*, 55 F. 3d 488, 490 (10th Cir. 1995)). In that case, the complaint was dismissed because the Plaintiff provided no evidentiary support for his claim. In judging the sufficiency of the Complaint, the Court must accept its allegations as true and view them in the light most favorable to the plaintiff. *Riddle v. Mondragon*, 83 F. 3d 1197, 1201-02 (10th Cir. 1996). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* at 1202 (quoting *Hall v. Bellman*, 935 F. 2d 1106, 1110 (10th Cir. 1991)). The issue in reviewing the sufficiency of a claim is not whether the plaintiff will prevail, but whether it is entitled to offer evidence to support its claim. See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint must set forth sufficient facts to support the cause of action to withstand a motion to dismiss. *Gray v. County of Dame*, 854 F. 2d 179, 182 (7th Cir. 1988). If a on a motion asserting Rule 12(b)(6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

## I. FACTS

Farrell & Seldin is a law firm attorney regularly engaged in collecting unpaid accounts and debts on behalf of its clients. Seldin is a member of Farrell & Seldin and Grubel and Oh are employees. Tallman is a former employee. On January 21, 2011, F & S filed a Complaint for Money Due against Plaintiff on behalf of its client Capital One Bank (USA), N.A. (hereinafter "Capital One"). Capital One sought judgment in the

amount of $5,135.27 plus costs as a result of Plaintiff's failure to pay on his Capital One credit card as promised.[1]

Prior to commencing litigation, on September 27, 2010, F & S mailed a letter to Plaintiff informing him that it represented Capital One in connection with a credit card debt. (Attached hereto as Exhibit "A"). In relevant part, the letter stated that unless Plaintiff disputed the validity of the debt in writing within thirty days of receipt of the letter, the debt would assumed to be valid. The letter contained the name of the creditor, the account number and, the amount owed. Plaintiff did not send a written dispute within thirty days of the date of the letter or in the weeks following.

Plaintiff filed an Answer on March 24, 2011. (Attached hereto as Exhibit "B") In that Answer Plaintiff does not raise his allegation that the debt was not properly validated pursuant to the Fair Debt Collection Practices Act ("FDCPA"). To the contrary, Plaintiff's Answer in the state court action is a standard denial with affirmative defenses.

On or about March 23, Defendant propounded discovery upon Capital One which included interrogatories, requests for production and requests for admissions. (Attached hereto as Exhibit "C".) The discovery does not mention anything about validation of the debt or provide notice that Plaintiff was requesting validation of the debt. Capital One responded to the discovery and thereafter filed its Motion for Summary Judgment. The Motion was granted on June 1, 2011.

It was not until June 9, 2011, after the state court had already granted summary judgment in favor of Capital One, that Plaintiff sent a written demand letter to F & S requesting validation of the debt. In good faith, F & S responded to Plaintiff's validation

---

[1] The action was filed in the District Court of Santa Fe County and was styled *Capital One Bank (USA) N.A.. v. Mukhtiar S. Khalsa* and was assigned case number D-202-CV-2011-00268

3

request on June 27, 2011. (Attached hereto as Exhibit "D"). On July 6, 2011, Plaintiff filed the present action. Plaintiff's claims are based on the erroneous allegation that Defendants failed to fulfill their obligations pursuant to 15 U.S.C. § 1692 g$^2$. Plaintiff's claims are wholly without merit, are brought in bad faith and are in violation of Fed. R. Civ P. 11.

## II ARGUMENT

I. <u>Plaintiff's Claim fails to state a cause of action as F&S mailed the required notice</u>

Plaintiff cannot maintain his action because, according to the facts pled in his Complaint, he never actually requested a validation of the debt until after judgment was entered. Case law holds that a validation and dispute of a debt must be in writing. See <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991).

Plaintiff's entire Complaint is based on the allegation that Defendants did not provide the proper disclosure as required by 15 USC 1692 g 1-5. Specifically Plaintiff alleges that he was not informed that he had the right to dispute the debt within thirty days. However, Defendants provided Plaintiff with the notice language required by Section 1692g(a) in its letter sent to Plaintiff on September 27, 2010. (See Exhibit "A" and the Affidavit of Barry Seldin attached as Exhibit "E".) Moreover, Plaintiff has not alleged nor can he allege that he disputed the debt to trigger the obligations set forth in Section 1692g(b). The information contained in Exhibit "A" satisfies the requirements of Section1692g(a) as it provided Plaintiff with the amount of the debt, the name of the creditor to whom debt was owed, a statement informing Plaintiff of his right to dispute the debt and request the name and address of the original creditor within thirty days and

---

[2] Plaintiff erroneously cites 15 USC 1692 f. The text he cites is from subsection g.

that if a written dispute or request is received, that F & S will provide Plaintiff with verification o the debt and the name and address of the original creditor. See id.

To the extent that Plaintiff asserts that he did not receive F & S's letter dated September 27, 2010, this is not a violation of Section 1692g(a) as all this section requires is that notification be sent, it does not require that it be received. See, e.g., Mahon v. Credit Bureau of Placer County, 171 F.3d 1197 (9th Cir.1999); Zamos II v. Asset Acceptance, LLC, 423 F.Supp.2d 777 (N.D.Ohio 2006); Johnson v. Midland Credit Management, Inc., No. 1:05 CV 1094, 2006 WL 2473004 (N.D.Ohio); Van Westrienen v.Americontinental Collection Corp., 94 F.Supp.2d 1087 (D.Ore.2000); Crain v. Pinnacle Financial Group of MN, Inc., 2007 WL 3408540 (E.D.Mich.; ).

Moreover, under the common law Mailbox Rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992); see also Meckel v. Continental Resources Co., 758 F.2d 811, 817 (2d Cir. 1985) (properly mailed computer-generated notices can be presumed received). Here, Exhibit "A" was mailed to Plaintiff at P.O. Box 593, Santa Cruz, New Mexico, 875670593. The letter was not returned as undeliverable. (See affidavit of Affidavit of Barry Seldin attached as Exhibit "E") Additionally, this is the same address which Plaintiff lists on the Complaint in the present action. As such, Plaintiff's claims pursuant to 15 USC 1692 g 1-5 fail.

    II.    <u>Even if Plaintiff filed a proper written dispute F&S appropriately responded.</u>

Plaintiff alleges that his Answer in the state action was a valid validation requests which disputed the debt. See Complaint at ¶11. He also alleges that his May 23, 2011

5

"Defendant's Motion to Strike and Dismiss Plaintiff's Motion for Summary Judgment" was a valid dispute and validation request under the FDCPA. See Complaint at ¶41. Here, Defendants maintain that the documents to which Plaintiff refers are simply pleadings in the state action and are not legitimate validation request.[3] Significantly, assuming *arguendo* that the above filings were disputes and validation requests, they were untimely and therefore Defendants had no duty to respond. Moreover, F & S did respond in good faith to Plaintiff's request for validation when he clearly made such a request. See Exhibit "D". This response was made despite the fact that Plaintiff had already been provided with a number of credit card statements, name of the creditor, an affidavit, the creditors address and the amount owed. Capital One had also prevailed and obtained a judgment over Plaintiff. The facts of this case are similar to that of Mahon v. Credit Bureau of Placer County, 171 F.3d 1197 (9th Cir.1999)

In Mahon, debtors failed to request debt validation within thirty days from the date they received a notice from a creditor. It was not until nine months later that they made such a request. The court in that case found that the debtors' tardy request for verification of the debt did not trigger any obligation on the part of the creditor. Moreover, even if it did, the creditor, when it received the request, promptly verified the nature and balance of the outstanding bill. The creditor then promptly conveyed this information to the debtors, along with an itemized statement of the account. Likewise, in the present matter, F & S provided Plaintiff with the requested information and itemized statements. Therefore, Defendants in this case fulfilled their obligations even if there was

---

[3] The term pleadings is being used in a broad sense to include all motions filed in a court action; it is not being limited to a complaint and answer.

a duty to respond to Plaintiff's June 9, 2010 dispute. As such, Plaintiff has failed to state a claim upon which relief can be based.

### III CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted as Defendants mailed a letter to Plaintiff on September 27, 2010 which contained the proper disclosure language pursuant to 15 U.S.C 1692 g. Plaintiff never sent a timely written dispute of the debt at issue. As such, no duty of the Defendant's was ever triggered. Therefore, Plaintiff cannot establish that Defendant's breached a duty and the Complaint must be dismissed for failure to state a claim.

Respectfully Submitted,

LAW OFFICES OF FARRELL & SELDIN

By /s/ James J. Grubel
JAMES J. GRUBEL
*Attorney for Farrell & Seldin; James Grubel, Barry Seldin, Darren Tallman and Kenneth K. Oh.*
Post Office Box 31066
Albuquerque, New Mexico 87190
Telephone: (505) 938-4343
Facsimile: (505) 938-4350

**CERTIFICATE OF MAILING**
I hereby certify that a true and correct
Copy of the foregoing pleading was mailed
to Defendant Pro Se at, PO Box 593, Santa
Cruz, New Mexico, 87567-0593
this 2 day of August, 2011.

/s/ James Grubel
JAMES GRUBEL