UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**MUKHTIAR S. KHALSA**,

    Plaintiff,

v.                                                         Civ. No. 11-0595 ACT/KBM

**FARRELL AND SELDIN;**
**CAPITAL ONE (USA), N.A.;**
**JAMES GRUBEL; BARRY SELDIN;**
**DARREN TALLMAN; KENNETH K. OH;**
**and ALEKSANDER CHERKIS**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court[1] on (i) the *Motion to Dismiss Plaintiff's Complaint Against Farrell & Seldin; James Grubel; Barry Seldin; Kenneth K Oh; and Darren Tallman*, filed August 2, 2011 [Doc. 16]; and (ii) *Defendants Capital One Bank (USA), N.A. and Aleksander Cherkis Motion to Dismiss With Accompanying Authorities*, filed August 3, 2011 [Doc. 18]. Pro se Plaintiff Mukhtiar S. Khalsa has not responded to the motions. Having considered the motions, the record, and the relevant authority, the Court will dismiss the Amended Complaint with prejudice against Capital One and Cherkis; will convert the motion submitted by the Attorney Defendants to one for summary judgment; and will give Khalsa the requisite opportunity to respond before issuing a ruling on the motion.

---

[1] The parties have consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have United States Magistrate Judge Alan C. Torgerson conduct all proceedings in this case. *See* Docs. 5, 15, 21.

In his Amended Complaint, Khalsa concludes that the Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*[2] Khalsa is suing Capital One, its employee, and its former counsel (the "Attorney Defendants") after Capital One apparently prevailed in a state-court action to collect a credit-card debt. *See* Am. Compl. at 4-5. He contends that the collection lawsuit was the "first and initial contact of the Plaintiff by the Defendants in the collection of this alleged debt," *id.* at 10; that he never received proper notice or validation of the debt, *see id*; that the attorneys' motion practice was an "attempt to collect a debt" under the FDCPA; and that his written discovery in that prior lawsuit should be construed as a "request of validation for the debt," thereby triggering obligations for the defendants to respond under the FDCPA. *See id.* at 4-8. He contends that all Defendants violated the FDCPA by failing to properly validate the debt before filing suit, *see id.* at 4, ¶¶ 14, 15; and by continuing "debt collection activities of a disputed debt," *id.* at 6, ¶ 32.

## I. Applicable legal standards[3].

To withstand a rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). Thus, "the mere

---

[2] As counsel for Capital One points out, Khalsa refers to § 1692f of the FDCPA, but his allegations make it apparent that he is invoking the provisions of § 1692g and relying on an outdated codification of the statute.

[3] Defendant Grubel, who also serves as counsel for himself, his firm, and co-counsel, cites standards for resolving motions to dismiss that have long been abrogated. *See* Doc. 17 at 2.

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

If a plaintiff cannot nudge his claims "across the line from conceivable to plausible," the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Two working principles" are initially applied in resolving a motion to dismiss under this standard. *Iqbal*, 129 S. Ct. at 1949.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id.* at 1949-50 (internal citation omitted). Thus, the Court will initially identify, and then disregard, statements that are nothing more than legal conclusions "not entitled to the assumption of truth" and then the Court will determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 1950. Of course, a complaint is implausible if it is based only on "naked assertions devoid of further factual enhancement." *Id.* at 1949 (internal quotation marks and bracket omitted).

A court must, when resolving a motion to dismiss, "restrict itself to looking at the complaint," *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010), and may not consider a defendant's defenses if the relevant facts are not included in the complaint but, instead, are based on other pleadings or exhibits the defendant submits. *See id.*; *Solomon v. HSBC Mortg. Corp.*, No. 09-6293, 395 Fed. App'x 494, 497, 2010 WL 3069699, *3 (10th Cir. Aug. 6, 2010) (quoting *Casanova* in case brought under the FDCPA, and noting the "well-settled rule: a court should 'restrict itself to looking at the complaint' when considering a motion to dismiss under Rule

3

12(b)(6)"); *cf. Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (noting that, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference" (citation omitted)). Khalsa did not attach any exhibits to his Amended Complaint. Under Rule 12(d), therefore,

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Under our local rules, parties are given fourteen calendar days to respond to a motion. *See* D.N.M. LR-Civ. 7.4(a).

The FDCPA

> was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, --- U.S. ----, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010) (citing 15 U.S.C. § 1692(e)). "The Act regulates interactions between consumer debtors and 'debt collector[s],' defined to include any person who 'regularly collects ... debts owed or due or asserted to be owed or due another.' " *Id.* (alteration in original) (quoting §§ 1692a(5), (6)).

*Solomon*, 395 Fed. App'x at 495, 2010 WL 3069699, *1. In examining the legislative history of the FDCPA, the Tenth Circuit has noted that "'[t]he committee has found that debt collection abuse by *third party debt collectors* is a widespread and serious national problem.'" *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (quoting S. Rep. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696) (italics added). The FDCPA's definition "debt collector" includes a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." § 1692a(6). Thus, the FDCPA "applies to attorneys who 'regularly' engage in

consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

Under this same definition, however, a company collecting debts owed to itself is not a "debt collector" unless it "uses any name other than [its] own which would indicate that a third person is collecting ... such debt." § 1692a(6).  "'[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.'" *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (quoting *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004));  *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors-as opposed to 'debt collectors'-generally are not subject to the FDCPA."). Thus, courts will dismiss for failure to state a claim a suit brought under the FDCPA against a credit-card company or bank that extends credit and then attempts to collect the unpaid debt.  *See, e.g., Lewis v. ACB Bus. Servs, Inc.*, 135 F.3d 389, 411 (6th Cir. 1998) (holding that credit card company that sued debtor in state court to collect debt could not be sued under FDCPA because it "is primarily in the business of extending credit, which is not enough to turn an entity into a debt collector under the Act").

## II.    Analysis

### A.  Khalsa failed to state a claim against Capital One and Cherkis.

Khalsa contends that all Defendants generally committed all alleged violations of the FDCPA.  Although he concludes that Capital One and Cherkis are "debt collectors," he alleges no facts to indicate that either Capital One or its employee are debt collectors as defined by the FDCPA. In fact, his allegations show that Capital One was attempting to collect its own debt through bringing suit.  Khalsa's Amended Complaint states only that "Cherkis signed a [sic] Affidavit on behalf of Defendant Capital One . . . and Defendant Farrell and Seldin," which the attorneys attached to the state-court complaint.  Am. Compl. at 2, ¶ 8; *id.* at 3-4, ¶ 10.  Khalsa has, therefore, failed to state

a claim against Capital One and Cherkis because they are not debt collectors as defined by the FDCPA. *See Lewis*, 135 F.3d at 411.

**B. The Court will convert the Attorney Defendants' motion to one for summary judgment.**

The Attorney Defendants, however, base their motion to dismiss on several facts – that either are not included in Khalsa's Amended Complaint or that dispute his allegations – indicating that they did not violate the FDCPA. For example, they dispute Khalsa's contention that the state-court complaint was the first contact he had with the attorneys and allege that, as debt collectors, they sent Khalsa a letter on September 27, 2010 showing the "name of the creditor, the account number, and the amount owed;" and that they informed Khalsa that, if he did not dispute the amount owed within 30 days, they would assume the debt to be valid. Doc. 17 at 3 & Ex. A. They allege that Khalsa did not respond to this letter, and they also dispute Khalsa's contention regarding validation. They allege that Khalsa never contended in his answer to Capital One's state-court complaint that the debt was not properly validated. *See id.* & Ex. B. They contend that Khalsa did not send a written demand for validation of the debt until the state court had already granted summary judgment in Capital One's favor, and that, contrary to Khalsa's claim that they never validated the debt, that they responded to the request anyway, *see id.* and Ex. D. Thus, the Attorney Defendants challenge the *merits* of Khalsa's claims and not the legal sufficiency of his complaint. A motion to dismiss with attached exhibits is clearly not the correct vehicle for such a challenge. *See Solomon*, 395 Fed. App'x at 497. If, however, the facts are as the Attorney Defendants contend, and Khalsa does not timely submit admissible evidence to establish a genuine issue of material fact on the issues, the Court will grant summary judgment in favor of the Attorney Defendants.

**IT IS ORDERED** that Capital One's and Cherkis' motion to dismiss [Doc. 18] is GRANTED and Khalsa's claims against them are DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that the Attorney Defendants' motion to dismiss [Doc. 16] is converted to a motion for summary judgment; that Khalsa shall have 14 calendar days from the entry of this Memorandum Opinion and Order in which to respond to the motion; the Attorney Defendants will have 14 calendar days to reply; and that if Khalsa fails to respond or to submit documents that establish a genuine issue of material fact regarding the validation of the debt, summary judgment will be granted to the Attorney Defendants without further notice.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge,**
Presiding by consent